# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**ROBERT CARTER**                                                                                    **PLAINTIFF**

**v.**                                                                          **CIVIL ACTION NO. 5:09CV-P96-R**

**KENTUCKY DEPARTMENT OF CORRECTIONS et al.**                                   **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Robert Carter, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).[1] For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff sues the Kentucky Department of Corrections (KDOC) and, in their official capacities, KDOC Commissioner LaDonna Thompson, KDOC Medical Director Scott Haas, KDOC Nurse Consultant Susan Reffett, and Steve Hiland, a Kentucky State Penitentiary doctor. Plaintiff alleges that he underwent corrective surgery on June 6, 2007, at the Mayo Clinic in Jacksonville, Florida, for annular tears in his L-3, L-4, and L-5 discs. He states that his treatment plan included active physiotherapy for 12 to 18 months. He states that he received that treatment at a private hospital until he was taken into custody by KDOC on September 6, 2007. He alleges that he was told by KDOC medical personnel that they did not have the equipment or personnel to conduct such therapy and would not send him to an outside medical provider even though the

---

[1] Pursuant to 28 U.S.C. § 1915A, "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Thus, even though Plaintiff paid the $350.00 filing fee, the Court is still required to screen his complaint before service on Defendants. *Id.*

cost of treatment would be 100% defrayed by Plaintiff's veterans benefits and private insurance. He alleges that because the active therapy was discontinued his treatment plan was unsuccessful. He states that when the original treatment plan was developed it was determined that if the treatment plan was not successful a minimally invasive fusion procedure would be necessary. He alleges that Defendants' actions in preventing him from completing the treatment plan was deliberate indifference to a serious medical need. He requests damages and injunctive relief in the form of compelling Defendants to allow an outside medical provider to perform the fusion procedure and follow-up therapy at Plaintiff's cost.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Injunctive relief*

Plaintiff's requests for injunctive relief are moot because Plaintiff is no longer

2

incarcerated within KDOC. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). His claims for injunctive relief will therefore be dismissed by separate order.

*Claim for damages*

Plaintiff sues the KDOC and several state employees in their official capacity. Because he sues the employees in their official capacity, the claims brought against them are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Plaintiff's claims for money damages from the state and these state officers in their official capacities fail to allege cognizable claims under § 1983. Moreover, Defendants are immune from monetary damages under the Eleventh Amendment. *See id.* The Court will dismiss the claims for monetary relief pursuant to §§ 1915A(b)(1) and (b)(2).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims.

Date:

cc:   Plaintiff, *pro se*
      Defendants

4413.009